STATE OF NORTH CAROLINA v. GEORGE RAY RAYNOR

No. 7311SC215

(Filed 28 March 1973)

1. Automobiles § 129— breathalyzer test results — presumption of intoxication — conclusiveness

G.S. 20-139.1 providing for the admission of breathalyzer test results and the presumption of intoxication arising therefrom is not intended to create a conclusive presumption nor shift the burden of proof to a defendant whose breathalyzer test shows a blood alcohol level of 0.10 percent or more.

2. Automobiles § 129— drunken driving — instructions on breathalyzer evidence — placing burden on State — no error

The trial judge in a drunken driving case properly placed the burden of proof on the State to show beyond a reasonable doubt that defendant was guilty as charged where the court instructed that, while the jury could infer from the breathalyzer evidence that defendant was driving under the influence of intoxicating liquor, they were not compelled to do so and were to consider that evidence together with all other evidence in the case in determining whether the State had proved beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor at the time he drove or operated a vehicle upon the public streets or highways of the State.

3. Criminal Law § 99— instruction by judge to witness — no expression of opinion — no error

Where the trial judge commented that one of defendant's witnesses apparently did not understand the procedure upon objection by either counsel to questions asked of a witness and the judge then explained to the witness that he should remain silent or stop in the middle of his answer until the court ruled on the objection, the judge expressed no opinion in violation of G.S. 1-180 and no prejudice to defendant resulted.

APPEAL by defendant from Godwin, Special Judge, 9 October 1972 Session of JOHNSTON County Superior Court.

Defendant was charged in a Uniform Traffic Ticket with (1) operating a motor vehicle on U. S. Highway 301 near Four

Oaks while under the influence of intoxicating liquor, and (2) transporting tax-paid liquor with the seal broken in the passenger area of a motor vehicle. After pleading not guilty in District Court, defendant was tried and convicted on both counts. On appeal to Superior Court, defendant was found not guilty by a jury on the latter count but guilty as to the first, and from a judgment imposing a six-month suspended sentence conditioned on paying a fine and court costs, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Conely, for the State.*

*T. Yates Dobson, Jr., for defendant appellant.*

MORRIS, Judge.

**[1]**   Defendant contends that the trial court erred in its instructions to the jury as to the application of G.S. 20-139.1 in relation to the presumption raised by the introduction into evidence of the results of a breathalyzer test administered to defendant following his arrest. G.S. 20-139.1 (a) provides in relevant part:

> *"Result of a chemical analysis admissible in evidence; presumption.*— (a) In any criminal action arising out of acts alleged to have been committed by any person while driving or operating a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's breath or blood shall be admissible in evidence and shall give rise to the following presumptions:
>
>> (1) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."

In *State v. Cooke*, 270 N.C. 644, 155 S.E. 2d 165 (1967), it was held that in G.S. 20-139.1 the General Assembly used the word *presumption* in the sense of a permissive inference, or *prima facie* evidence and that it was not intended to create a conclusive presumption nor shift the burden of proof to a defendant whose breathalyzer test shows a blood alcohol level of 0.10 percent or more.

State v. Raynor

[2]   Defendant argues that in his charge the trial judge shifted the burden of proof and created a rebuttable presumption in the eyes of the jury.

The court explained to the jury that while they "may infer" from the breathalyzer evidence that defendant was driving under the influence of intoxicating liquor, they were "not compelled to do so" and were to "consider that evidence together with all other evidence in the case in determining whether the State has proved beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor at the time he drove or operated a vehicle upon the public streets and highways of this State." It is obvious that the burden of proof was correctly placed on the State to show beyond a reasonable doubt that defendant was guilty as charged. The trial judge properly explained the law arising on the evidence as required by G.S. 1-180 and in accordance with *State v. Cooke, supra.* This assignment of error is overruled.

[3]   Defendant also contends that the trial judge expressed an opinion in the presence of the jury in contravention of G.S. 1-180 in instructing a witness for defendant that when either counsel makes an objection to a question asked of a witness, the witness should remain silent or stop in the middle of his answer until the court rules on the objection. The trial judge prefaced his instruction with the following remark: "Let me make this clear to you. A lot of people don't understand it and apparently you do not understand it."

> "[R]emarks of the court during a trial will not entitle a defendant to a new trial unless they tend to prejudice the defendant, and the question of whether prejudice resulted is to be considered in the light of the circumstances under which the remarks were made. (Citations omitted.)" *State v. Byrd,* 10 N.C. App. 56, 60, 177 S.E. 2d 738 (1970).

We can conceive of no prejudice resulting from the instruction by the trial judge. It was in the proper exercise of his judicial function to so instruct a witness who had responded to a question before ruling could be made on defense counsel's objection to that question.

No error.

Judges CAMPBELL and PARKER concur.